**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0268-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| ROBERT PERKINS | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release filed by the defendant, Robert Perkins ("Perkins"), through his court-appointed counsel, wherein he seeks a sentence of imprisonment of time-served or, alternatively, a sentence of time-served followed by a term of supervised release not to exceed the balance of his original prison sentence. See Record Document 98. The Government does not oppose Perkins's motion. See Record Document 104. Based on the following, the motion for release is **GRANTED**.

Perkins was charged in a two-count indictment with conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. See Record Document 1. Perkins pled guilty to conspiracy to possess with intent to distribute methamphetamine, and on May 27, 2020, was sentenced to 156 months of imprisonment and 5 years of supervised release. See Record Document 69.

In January of 2021, Perkins filed an administrative request for sentence reduction with the Bureau of Prisons ("BOP"). After waiting thirty days without a determination, Perkins filed the instant motion on March 5, 2021. According to the medical records attached to his motion, Perkins was diagnosed with colon cancer in January of 2021. That same month, a CT scan revealed that his cancer had metastasized to his liver and lung. See Record Document 98, Ex. 3 at 2 and 4.

On February 26, 2021, the Warden determined that the defendant's request "warrants a recommendation of approval at this level and the matter shall be referred for consideration to the Office of General Counsel." Record Document 104, Ex. 1. As of the date of this ruling, the Office of General Counsel had not yet made a final determination regarding Perkins's request.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,
>>>>
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>>
>> (C) Family Circumstances.—
>>
>>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>>
>>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>>
>> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

    compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

  The existence of an "extraordinary and compelling reason" does not end the inquiry. The Court must consider whether Perkins remains a danger to the community before granting compassionate release, as required by United States Sentencing Guideline § 1B1.13(2), which refers to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).[1]

  After a review of Perkins's medical records and the Warden's determination, and considering the factors set forth in 18 U.S.C. § 3582(c)(1)(A) and the policy statement contained in United States Sentencing Guideline § 1B1.13, the Court **GRANTS** Perkins's motion subject to the conditions listed below. The metastatic cancer qualifies as an "extraordinary and compelling reason" for release under 18 U.S.C. § 3582(c)(1)(A). The Court further finds that Perkins's age (59) and poor health lessen any risk to public safety and that a term of supervised release further ensures the public safety concerns of 18 U.S.C. § 3142(g).

---

[1] Section 3142(g) sets forth the factors that courts must consider in deciding whether to release a defendant pending trial. These factors to be considered include the "nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Similarly, Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

For the foregoing reasons, **IT IS ORDERED** that Perkins's motion is **GRANTED**. His sentence is reduced to time served, and five years of supervised release. Prior to his release, Perkins should submit to a ten-day quarantine. All conditions of supervised release imposed as part of Perkins's original sentence remain in place, however, any substance abuse condition included as part of the original term of supervised release is hereby **LIFTED**.

The Bureau of Prisons shall place Perkins in quarantine immediately, so that he may serve his 10-day period of quarantine before his release. Perkins is to be released from BOP custody on or before **Wednesday, April 21, 2021**. The Government shall serve a copy of this Order on the Warden at the appropriate facility immediately.

While on supervised release, Perkins is subject to all standard and special conditions imposed at sentencing, except as modified herein.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of April, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE